UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRINITY FINANCIAL SERVICES, LLC,<br><br>Appellant,<br><br>v.<br><br>JOSHUA LEMARR TREADWELL,<br><br>Appellee. | Case No. 23-cv-00490-PCP<br><br>**ORDER DENYING MOTION FOR SANCTIONS AND AWARDING FEES**<br><br>Re: Dkt. No. 15 |

Trinity Financial Services, LLC appealed a bankruptcy court decision denying relief under Rule 60(b) and imposing certain discovery sanctions, including $13,265 in attorneys' fees. The Court affirmed the bankruptcy court's decision in all respects. *Trinity Fin. Servs., LLC v. Treadwell*, 23-CV-00490-PCP, 2023 WL 7107283 (N.D. Cal. Oct. 27, 2023). Appellee Joshua Treadwell now asks the Court to award sanctions against Trinity for its purportedly frivolous appeal and, separately, to award him attorneys' fees for his successful defense on appeal of the bankruptcy court's attorneys' fees award. Upon review, the Court concludes that Trinity's Rule 60(b) appeal was not frivolous and therefore denies Mr. Treadwell's motion for sanctions. Mr. Treadwell is, however, entitled to the fees he incurred in defending the discovery sanctions order.

Mr. Treadwell seeks his costs and fees under Federal Rule of Bankruptcy Procedure 8020. That rule, which mirrors Federal Rule of Appellate Procedure 38, provides: "If the district court … determines that an appeal is frivolous, it may … award just damages and single or double costs to the appellee." "An appeal is frivolous if the results are obvious, or the arguments of error are wholly without merit. The decision to appeal should be a considered one, not a knee-jerk reaction to every unfavorable ruling." *In re George*, 322 F.3d 586, 591 (9th Cir. 2003).

Contrary to Mr. Treadwell's contentions, Trinity's appeal with respect to the Rule 60(b)

denial was not frivolous. While Trinity's arguments were ultimately unsuccessful, they were not "wholly without merit," nor was the result of the appeal "obvious." *See George*, 322 F.3d at 591. Trinity's appeal required the Court to consider whether Trinity's allegations of its own neglect were sufficient to require the bankruptcy court to expressly consider the four-factor equitable test for excusable neglect set forth by the Supreme Court in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993). Although the Court concluded that they were not, its analysis was specific to Trinity's motion and the record of this case and Trinity's arguments were not clearly foreclosed by relevant precedent. Trinity's appeal therefore cannot be deemed frivolous.

In its appeal, Trinity also asked this Court to reverse the bankruptcy court's award of $13,265 in attorneys' fees. Trinity contended that the award of fees (as a form of discovery sanction) was dependent on the bankruptcy court's Rule 60(b) ruling and would therefore be nullified by this Court's reversal of the Rule 60(b) ruling. Because the Court affirmed the Rule 60(b) ruling, the Court rejected Trinity's appeal of the discovery sanctions order. Mr. Treadwell argues that even if Trinity's appeal of that order was not frivolous, he is entitled to recover the attorneys' fees that he incurred in defending the sanctions order because "a party that is entitled to an award of attorneys' fees in the [lower] court is [generally] also entitled to an award of attorneys' fees on appeal." *Legal Voice v. Stormans Inc.*, 757 F.3d 1015, 1016 (9th Cir. 2014); *see also, e.g.*, *In re Nijjar*, No. 18-CV-01691, 2020 WL 916942, at *5 (E.D. Cal. Feb. 26, 2020) ("[A] party defending its award of attorneys' fees under Rule 37 is entitled to the reasonable expenses, including attorneys' fees, incurred in defending her entitlement to this reimbursement. Nothing less will make her whole; anything less would defeat the function of Rule 37(a)." (cleaned up)).

According to Mr. Treadwell and his counsel, he incurred $26,560 in attorneys' fees on work that pertained to both the Rule 60(b) and the discovery sanctions issue while litigating Trinity's appeal, $1,960 in fees on work pertaining solely to the discovery sanctions, and $5,040 in fees on work pertaining solely to the Rule 60(b) issue. *See* Dkt. No. 15-1. Trinity does not dispute that Mr. Treadwell is entitled to recover the attorneys' fees that he incurred in defending on appeal the bankruptcy court's award of attorneys' fees. *See* Dkt. No. 16, at 22. Trinity contends, however,

2

that Mr. Treadwell has not provided sufficient evidentiary support for the amount he requests.

The Court agrees. The declaration from Mr. Treadwell's counsel provides sufficient support for awarding him the $1,960 that were incurred on matters relating solely to the discovery sanctions order. The declaration, however, does not provide a sufficient basis for this Court to also award Mr. Treadwell an additional $26,560 in attorneys' fees for work relating to both the Rule 60(b) appeal and the discovery sanctions appeal. That amount represents nearly 80% of the total amount of fees Mr. Treadwell's counsel incurred litigating this appeal. Given that the Rule 60(b) appeal was the overwhelming focus of the parties' briefing to this Court, the Court would be reluctant to assign the vast majority of the fees incurred in this appeal to the discovery sanctions issue absent a compelling evidentiary showing that the work at issue was inherently non-segregable as between the two issues. The declaration of Mr. Treadwell's counsel, however, does not provide that showing, instead appearing to assign work to both issues wherever counsel's own time records fail to distinguish between the two. *See, e.g.*, Dkt. No. 15-1, Ex. A, 04/27/2023 entries (assigning time spent on "[c]ase law research" and "[w]ork on brief" to "both").

Mr. Treadwell bears the burden of establishing his entitlement to attorneys' fees but has failed to satisfy that burden with respect to the $26,560 in work that he contends cannot be segregated as between Trinity's appeal of the Rule 60(b) ruling and its appeal of the discovery sanctions order. Accordingly, rather than awarding Mr. Treadwell the full $26,560 he requests, the Court will assume that the portion of that work that is properly attributable to the discovery sanctions appeal should reflect the same division of labor evident in the other work performed by Mr. Treadwell's counsel. The Court will thus assign 28% of the purportedly non-segregable work, worth a total of $7,436.80, to the discovery sanctions appeal.[1]

For the foregoing reasons, Mr. Treadwell's motion for frivolous appeal sanctions is denied but Trinity is ordered to pay Mr. Treadwell **$9,396.80** in attorneys' fees incurred defending the bankruptcy court's award of attorneys' fees on appeal.

---

[1] The Court generates this 28% multiplier by dividing $1,960 (the value of work performed solely on the discovery sanctions issue) by $7,000 (the value of work performed solely on either the discovery sanctions issue or the Rule 60(b) issue).

**IT IS SO ORDERED.**

Dated: January 8, 2024

_____
P. Casey Pitts
United States District Judge